IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 13-3397

DARREN ROY

Appellant,

v.

DELL FINANCIAL SERVICES, LLC

Appellee.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
in Civil Action No. 3:13-cv-00738-ARC

BRIEF OF APPELLANT
AND
APPENDIX VOLUME I
(R. 1 – R. 9)

Joseph L. Gentilcore
Tara L. Patterson
KIMMEL & SILVERMAN, P.C.
30 East Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys for Appellant Darren Roy

<u>TABLE OF CONTENTS</u>

Table of Authorities ........................................................................ iii

I.      JURISDICTIONAL STATEMENT ...................................... 1

II.     STATEMENT OF ISSUE PRESENTED FOR REVIEW ................... 1

III.    STATEMENT OF Related Cases........................................... 1

IV.     STATEMENT OF THE CASE ............................................. 2

V.      STATEMENT OF RELEVANT FACTS .......................................... 2

VI.     SUMMARY OF ARGUMENT ............................................. 3

VII.    STANDARD OF REVIEW ................................................. 4

VIII.   LEGAL ARGUMENT ...................................................... 5

        A. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 ................... 5

        B. DEBT-COLLECTION CALLS ARE NOT EXCLUDED FROM SECTION 227(B)(1)(A) OF THE TCPA ................................................. 6

                1. The FCC does not have authority to, and has not, exempted debt collection calls from section 227(b)(1)(A) of the TCPA .... 6

                2. Debt-collection calls are subject to the TCPA's prohibition on autodialed calls to "1-800" telephone numbers........................ 9

        C. THE LOWER COURTS RELIANCE ON MEADOWS AND GAGER IS MISPLACED ........................................................................ 11

        D. MR. ROY PLEADED FACTS WHICH SUFFICIENTLY STATE A CLAIM FOR RELIEF UNDER THE TCPA ......................................... 12

IX.     Conclusion ............................................................. 13

Certification of Bar Membership................................................ 15

Certification of Bar Membership................................................ 16

Certification of Brief Text ........................................................ 17

Certification of Virus Check...................................................... 18

Certificate of Service ............................................................. 19

# TABLE OF AUTHORITIES

## CASES

*Aschroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)------------------------------------------------------------------------------ 4

*Blair v. CBE Grp. Inc.*, 13-CV-134-MMA WVG, 2013 WL 5677026 (S.D. Cal. Oct. 17, 2013)------------------------------------------------------------------ 9

*Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1318 (S.D. Fla. 2012)--------------------------------------------------------------------------- 10, 12

*Forrest v. Genpact Servs.*, LLC, 3:12-CV-2249, 2013 WL 4516479 (M.D. Pa. Aug. 26, 2013) --------------------------------------------------------- 9, 11, 13

*Gager v. Dell Fin. Servs., LLC*, 3:11-CV-2115, 2012 WL 1942079 (M.D. Pa. May 29, 2012)-------------------------------------------------------------------- 12

*Gager v. Dell Fin. Serv., LLC,* 727 F.3d 265, 268 (3d Cir. 2013) --- 4, 11, 12

*Griffith v. Consumer Portfolio Serv., Inc.*, 838 F. Supp. 2d 723, 725 (N.D. Ill. 2011)-------------------------------------------------------------------------- 10

*Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716 (S.D. Tex. 2012)-------------- 9

*Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 232 (11th Cir. 2011)------------------------------------------------------------------------------ 11

*Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036 (9th Cir. 2012) *cert. denied,* 133 S. Ct. 2361, 185 L. Ed. 2d 1068 (U.S. 2013) ------------- 9

*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012)--------------------------------------------------------------------------- 1, 5, 8

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ----------------------------------- 4

*Stuart v. AR Res., Inc.*, CIV.A. 10-3520, 2011 WL 904167 (E.D. Pa. Mar. 16, 2011) ------------------------------------------------------------------------- 9, 10

*Whatley v. Creditwatch Servs., Ltd.*, 4:11CV493, 2012 WL 2885640 (E.D. Tex. July 13, 2012) *report and recommendation adopted,* 4:11CV493, 2012 WL 3151261 (E.D. Tex. Aug. 2, 2012) -------------------------------- 9

# TABLE OF AUTHORITIES

## STATUTES

28 U.S.C. § 1331 ------------------------------------------------------------------ 1

47 C.F.R. § 64.1200(a)(2) ---------------------------------------------------- 10

47 U.S.C. § 227(b)(1)(A)----------------------------------------------passim

47 U.S.C. § 227(b)(1)(b)------------------------------------------------------ 6

47 U.S.C. § 227(b)(2)(B) ---------------------------------------------------- 7

47 U.S.C. § 227(b)(2)(C) ---------------------------------------------------- 7

## REGULATIONS

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* 23 FCC Rcd. 559, 2008 WL 65485, ¶ 14 (Jan. 4, 2008)------------------------------------------------------------------------ 6, 8

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 2012 WL 507959 ¶ 25 (Feb. 15, 2012) ------------------------------------------------------------------ 6, 8

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 1992 WL 690928 (Oct. 16, 1992)-------------------------------------------------------------------------- 7

## I.    **JURISDICTIONAL STATEMENT**

This matter was originally filed in the United States District Court for the Middle District of Pennsylvania.  The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 because Appellant's claims were brought under the Telephone Consumer Protection Act ("TCPA").  *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).  This appeal was taken from a final order dated July 12, 2013, which dismissed Appellant's TCPA claims with prejudice.  (R. 2).  Appellant timely filed a notice of appeal on August 5, 2013.  (R. 1).  This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## II.    **STATEMENT OF ISSUE PRESENTED FOR REVIEW**

Does § 227(b)(1)(A) of the Telephone Consumer Protection Act apply to debt collection telephone calls? (R. 8).

Suggested Answer: Yes.

## III.    **STATEMENT OF RELATED CASES**

This case has not previously been before this Court.  A complaint containing Appellant's state law claims, which were dismissed by the lower court without prejudice, will be filed in the United States District Court for the Middle District of Pennsylvania shortly.  Appellant is unaware of any

other case or proceeding that is in any way related, completed, pending or about to be presented before this Court or any other court or agency, state or federal.

## IV.    STATEMENT OF THE CASE

Appellant, Darren Roy (hereinafter "Mr. Roy"), filed suit against Appellee, Dell Financial Services (hereinafter "Dell"), on March 20, 2013, alleging, in part, that Dell violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, when it placed over 1,000 telephone calls, without his consent, to a telephone number at which he is charged for each incoming call.  (R. 14-28).

By Order and Opinion dated July 12, 2013, the District Court granted Dell's Rule 12(b)(6) motion to dismiss, holding as a matter of law that all debt-collection calls are excluded from the TCPA's coverage.  (R. 8).  As set forth herein, the district court's decision is inconsistent with the explicit language of the TCPA, governing case law, and FCC regulations.

## V.    STATEMENT OF RELEVANT FACTS

Mr. Roy owns a business, and has a "1-800" telephone number for customers to contact him.  (R. 16).  For each incoming call received on his "1-800" telephone number, Mr. Roy is charged a fee.  (R. 17).  Beginning in

or before September 2010, and continuing through June 2013, Dell called Mr. Roy over 1,000 times on his "1-800" telephone number in an attempt to collect a debt. (R. 16). For each call Dell made to Mr. Roy's "1-800" telephone number, Mr. Roy was charged for the call. (R. 17). Further, when calling Mr. Roy's "1-800" telephone number, Dell used an auto-dialer and/or a prerecorded voice. (R. 19). Mr. Roy never gave Defendant explicit or implied consent to call him on his "1-800" telephone number, and Dell never obtained Mr. Roy's consent to call that number. (R. 17).

## VI.    SUMMARY OF ARGUMENT

The Telephone Consumer Protection Act prohibits the use of automatic dialing systems and prerecorded/automated voice systems to call telephone numbers where the called party is charged for the call. This prohibition is not content specific, and applies even when the purpose of the telephone call is debt collection.

Dell initiated over 1,000 telephone calls to Mr. Roy at his "1-800" telephone number using an automatic dialing system and an automated voice system. Each time Dell called Mr. Roy on the "1-800" telephone number, he was charged for the call.

In dismissing Mr. Roy's claim, the district court erred in applying an exception to the TCPA that is exclusive to telephone calls made to

*residential* telephones. The exception for debt-collection calls to residential telephones that was created by the FCC, does not apply to telephone calls where the called party is charged, and this exception cannot serve as a basis for dismissal of claims brought under 47 U.S.C. § 227(b)(1)(A). Accordingly, the district court's dismissal should be reversed, and the matter remanded for further proceedings.

## VII.  STANDARD OF REVIEW

This Court's review of an order granting a motion to dismiss pursuant to Rule 12(b)(6) is plenary. *Gager v. Dell Financial Services, LLC,* 727 F.3d 265, 268 (3d Cir. 2013). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Id*. (*citing Aschroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). The Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under a reasonable reading of the complaint, the plaintiff may be entitled to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## VIII.  <u>LEGAL ARGUMENT</u>

### A.      The Telephone Consumer Protection Act of 1991

In an effort to stop the onslaught of telemarketing and robo-dialing, Congress passed the Telephone Consumer Protection Act of 1991 (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.*  *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).  The two sections of the TCPA applicable to this instant matter are:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A)  to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> > (i)  to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);
> >
> > (ii)  to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or
> >
> > (iii)  to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
>
> (B)  to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);

5

47 U.S.C. § 227(b)(1)(A) and (b)(1)(B). The separate treatment given to residential telephones and telephones where the called party is charged, arises out of Congress' concern that the practice of using "such technologies [to dial] emergency numbers, health care facilities, telephone numbers assigned to wireless services, and any other numbers for which the consumer is charged for the call…threaten[s] public safety and inappropriately shift[s] the costs to consumers." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* 23 FCC Rcd. 559, 2008 WL 65485, ¶ 14 (Jan. 4, 2008) (hereinafter "*2008 Ruling*"). Further, Congress determined to include calls where the called party is charged, like those calls in the instant matter, with calls placed to cellular telephones, because unlike calls to residential telephones, the costs of receiving these calls rests on the party receiving the call. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 2012 WL 507959 ¶ 25 (Feb. 15, 2012).

### B. Debt-Collection Calls are Not Excluded from Section 227(b)(1)(A) of the TCPA

    1.  <u>The FCC does not have authority to, and has not, exempted debt collection calls from section 227(b)(1)(A) of the TCPA</u>

Congress delegated authority to the FCC to exempt certain calls from 47 U.S.C. § 227(b)(1)(b), which is the subsection of the TCPA limited to

calls made to residential telephone lines.  47 U.S.C. § 227(b)(2)(B).  In particular, the FCC has authority to exempt calls that are not made for a commercial purpose; and such classes or categories of calls made for commercial purposes as the commission determines will not adversely affect the privacy rights that the TCPA is intended to protect; and do not include the transmission of any unsolicited advertisement.  *Id*.  Again, the FCC's authority under § 227(b)(2)(B) is limited to calls made to *residential* lines.  The FCC's only rule-making authority for conduct prohibited under §227(b)(1)(A)(iii), the section applicable to Mr. Roy's claims, is to exempt calls made to a cellular telephones where the called party is not charged for the call—an exemption not applicable in the instant matter.  47 U.S.C. § 227(b)(2)(C).  The FCC does not have authority, and has not exempted debt-collection calls to telephone numbers where the called party is charged.

The FCC exercised its authority to exempt certain calls made to residential telephones in 1992.  *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 1992 WL 690928 (Oct. 16, 1992).  The FCC exempted debt collection calls made to *residential* telephone lines on the basis that such calls involved a prior or existing business relationship and that such calls are commercial calls which do not convey an unsolicited advertisement and do not adversely affect

*residential* subscriber rights.[1]  *Id.* ¶ 36 (emphasis added).  The FCC did not, and could not, exempt debt collection calls violative of § 227(b)(1)(A)(iii) from the TCPA—a fact that was emphasized in the *2008 Ruling:* "We also reiterate that the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party." *2008 Ruling* ¶ 11.  "We note that this prohibition applies regardless of the content of the call, and is not limited only to calls that constitute 'telephone solicitations.'"[2] *Id.*

Because the debt-collection exception only applies to residential telephone lines, federal courts regularly apply the TCPA to pre-recorded voice and automatic telephone dialing system calls made by debt collectors in their attempts to collect debts.  *See e. g., Mims* 132 S. Ct. at 747 (2012) (holding that federal courts have jurisdiction for private causes of action under the TCPA for claims involving debt collectors); *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036 (9th Cir. 2012) *cert. denied,* 133

---

[1]    The Existing Business Relationship exception, which forms the basis of the debt-collection call exception, has since been eliminated by the FCC. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 2012 WL 507959 ¶ 35 (Feb. 15, 2012).

[2]    Telephone calls to cellular telephones are included in the same section of the TCPA that deals with telephone calls made where the party being called is charged, as is the case here.  *See* 47 U.S.C. §227(b)(1)(A)(iii).

S. Ct. 2361, 185 L. Ed. 2d 1068 (U.S. 2013) (certifying class action against a debt collector under the TCPA provisions against automatic telephone dialing systems); *Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716 (S.D. Tex. 2012) (holding that the prohibition against autodialed and prerecorded calls in the TCPA applies to debt collectors); *Whatley v. Creditwatch Servs., Ltd.*, 4:11CV493, 2012 WL 2885640 (E.D. Tex. July 13, 2012) *report and recommendation adopted,* 4:11CV493, 2012 WL 3151261 (E.D. Tex. Aug. 2, 2012)(holding plaintiff could state a claim against debt collector for "robo" calls under TCPA).

> 2.    Debt-collection calls are subject to the TCPA's prohibition on autodialed calls to "1-800" telephone numbers

Courts have easily distinguished the differing residential and cellular telephone exemptions, finding that the debt collection exemption does not apply to calls violative of § 227(b)(1)(A), but instead only to calls made to residential telephones. *See e.g., Blair v. CBE Grp. Inc.*, 13-CV-134-MMA WVG, 2013 WL 5677026 (S.D. Cal. Oct. 17, 2013); *Forrest v. Genpact Servs.*, LLC, 3:12-CV-2249, 2013 WL 4516479 (M.D. Pa. Aug. 26, 2013); *Stuart v. AR Res., Inc.*, CIV.A. 10-3520, 2011 WL 904167 (E.D. Pa. Mar. 16, 2011); *Griffith v. Consumer Portfolio Serv., Inc.*, 838 F. Supp. 2d 723,

725 (N.D. Ill. 2011); *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1318 (S.D. Fla. 2012).

Recently, this Circuit Court dealt with this same issue, advanced by this same Appellee, and unequivocally stated that debt-collection calls are not exempt from § 227(b)(1)(A).

> Dell fails to recognize that these exemptions do not apply to cellular phones; rather, these exemptions apply only to autodialed calls made to land-lines. *See* 47 C.F.R. § 64.1200(a)(2). Therefore, the debt collection exemption invoked by Dell is not applicable in this case. Looking to the provisions of the TCPA that apply to autodialed calls to cellular phones and the exemptions promulgated by the FCC, it is clear that Dell's argument is without merit…Unlike the exemptions that apply exclusively to residential lines, there is no established business relationship or debt collection exemption that applies to autodialed calls made to cellular phones. Thus, the content-based exemptions invoked by Dell are inapposite.

*Id*. The prohibitions on conduct contained in § 227(b)(1)(A)(iii) apply "regardless of the content of the call." *Griffith v. Consumer Portfolio Serv. Inc.*, 838 F.Supp. 2d 723, 728 (N.D. Ill. 2011). The only exception applicable to calls falling under § 227(b)(1)(A) is an exception for emergency calls. *Stuart* 2011 WL 904167 at *5 ("the text of section 227(b)(1)(A)(iii) offers exemptions only for 'a call made for emergency purposes or made with the prior express consent of the called party.'"); *see*

*also Forrest* 2013 WL 4516479 at * 2 ("[the defendant's] argument that [the plaintiff] has failed to state a claim under the TCPA because the TCPA does not apply to debt collection calls will be rejected based on Third Circuit precedent.") (*citing Gager* 727 F.3d 265).

The debt-collection call exception, which Dell argued in its Motion to Dismiss, and which the district court erroneously relied upon in dismissing Mr. Roy's claims, does not apply to claims brought under 47 U.S.C. § 227(b)(1)(A)(iii).    Accordingly, Mr. Roy respectfully requests that this Circuit Court reverse the district court's decision.

## C.    The Lower Courts Reliance on *Meadows* and *Gager* is Misplaced

The district court erroneously relied upon the Eleventh Circuit's decision in *Meadows* and the, now reversed, decision in *Gager*, to conclude that "the FCC has determined that all debt collection circumstances are excluded from the TCPA's coverage."  (R. 8).  In *Meadows*, the plaintiff brought claims under the TCPA for debt collection calls to her ***residential*** telephone line.  *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 232 (11th Cir. 2011).  The facts, as well as the holding, of *Meadows* are distinguishable from this instant matter, as the calls were not made to a telephone line where the subscriber is charged for each incoming call, and

therefore, did not fall under § 227(b)(1)(A).  *See Breslow*, 857 F. Supp. 2d at

1320 (explaining in detail the distinction between the exception applicable in

*Meadows* to residential telephone lines, and the lack of exception applicable

to debt-collection calls made to phones at which the called party is charged).

Here, unlike *Meadows*, Mr. Roy was charged for each call Dell made to his

"1-800" telephone number.  Because *Meadows* dealt exclusively with debt-

collection calls made to a residential line (§ 227(b)(1)(A)), and not a phone

line where the subscriber is charged for each call (§ 227(b)(1)(B)), it is

inapplicable to the instant matter.

Also, the district court's reliance on its decision in *Gager v. Dell Fin.*

*Serv., LLC* is clearly misplaced, as subsequent to its decision, this Court

decided, and reversed the district court.  Specifically, this Court held, "Dell

fails to recognize that these exemptions do not apply to cellular phones;

rather, these exemptions apply only to autodialed calls made to land-lines."

*Gager v. Dell Fin. Servs., LLC*, 3:11-CV-2115, 2012 WL 1942079 (M.D.

Pa. May 29, 2012) *rev'd,* 727 F.3d 265 (3d Cir. 2013) (*citing* 47 C.F.R. §

64.1200(a)(2)).

>        **D.**     **Mr. Roy Pleaded Facts Which Sufficiently State A Claim**
>                **For Relief Under the TCPA**

In order to sufficiently state a claim under 47 U.S.C. §

227(b)(1)(A)(iii), a plaintiff must plead that: (1) an entity called a telephone

number assigned to a service where the called party is charged for the call; (2) using an automatic telephone dialing system or artificial or prerecorded voice; and (3) without the called party's prior express consent—facts clearly pled in Mr. Roy's Complaint.[3]

Here, Dell was the entity that placed the calls to Mr. Roy's "1-800" number.  (R. 16 at ¶ 19).  Each time Dell called Mr. Roy's "1-800" telephone number, he was charged for the call.  (R. 17 at ¶¶ 22-23).  Dell initiated its calls to Mr. Roy through the use of an automatic telephone dialing system or prerecorded voice.  (R. 16 at ¶ 19).  Finally, Dell did not have consent, in any form, to call Mr. Roy's "1-800" number.  (R. 17 at ¶ 24).  *See e.g. Forrest* 2013 WL 4516479 at * 2 ("Because communications made in an attempt to collect a debt to a cellular phone are not exempt from the TCPA, and because the plaintiff has alleged that the defendant made calls to her cell phone, Defendant's motion to dismiss…will be denied").

## IX.    **CONCLUSION**

The debt-collection exception does not apply to § 227(b)(1)(A).  Dell's conduct is prohibited by § 227(b)(1)(A), because Mr. Roy was charged every time Dell called his "1-800" telephone number.  Accordingly,

---

[3]    Dell does not argue, and the district court did not consider, the issue that the calls at issue were made for emergency purposes.

the lower court's dismissal of his claims under the TCPA should be reversed, and the matter remanded.

Respectfully submitted,

Date: 11/20/2013          */s/ Joseph L. Gentilcore*
Joseph L. Gentilcore
Tara L. Patterson
KIMMEL & SILVERMAN, P.C.
30 East Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys for Appellant Darren Roy

## CERTIFICATION OF BAR MEMBERSHIP

I, Joseph L. Gentilcore, hereby certify that I am a member in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

DATED: <u>November 20, 2013</u>          BY: <u>*/s/ Joseph L. Gentilcore*</u>
                                                 Joseph L. Gentilcore
                                                 Attorney ID No. 311703
                                                 Kimmel & Silverman, P.C.
                                                 30 E. Butler Pike
                                                 Ambler, PA 19002
                                                 Phone: (267) 614-6515
                                                 Fax: (877) 788-2864

## CERTIFICATION OF BAR MEMBERSHIP

I, Tara L. Patterson, hereby certify that I am a member in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

DATED: <u>November 20, 2013</u>        BY: <u>*/s/ Tara L. Patterson*</u>
Tara L. Patterson
Attorney ID No. 88343
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 103
Fax: (877) 788-2864

## <u>CERTIFICATION OF BRIEF TEXT</u>

I, Joseph L. Gentilcore, hereby certify that the text of the electronic filed brief is identical to the text of the paper copies of the brief.

DATED: <u>November 20, 2013</u>          BY: <u>*/s/ Joseph L. Gentilcore*</u>
                                        Joseph L. Gentilcore
                                        Attorney ID No. 311703
                                        Kimmel & Silverman, P.C.
                                        30 E. Butler Pike
                                        Ambler, PA 19002
                                        Phone: (267) 614-6515
                                        Fax: (877) 788-2864

## <u>CERTIFICATION OF VIRUS CHECK</u>

I, Joseph L. Gentilcore, hereby certify that a virus check was performed on the PDF filed of the forgoing Brief of Appellant, Appendix Volume I, and Appendix Volume II, prior to electronic filing using Malwarebytes Anti-Malware.  No virus has been detected.


DATED: <u>November 20, 2013</u>          BY: *<u>/s/ Joseph L. Gentilcore</u>*
                                      Joseph L. Gentilcore
                                      Attorney ID No. 311703
                                      Kimmel & Silverman, P.C.
                                      30 E. Butler Pike
                                      Ambler, PA 19002
                                      Phone: (267) 614-6515
                                      Fax: (877) 788-2864

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph L. Gentilcore, herby certify that two copies of the Brief of Appellant, Appendix Volume I, and Appendix Volume II were sent to the following on November 20, 2013 via first class mail.

Anthony L. Gallia
James G. Welch
Duane Morris
30 South 17th Street
Philadelphia, PA 19103
Attorneys for Appellee

DATED: <u>November 20, 2013</u>          BY: <u>*/s/ Joseph L. Gentilcore*</u>
                                        Joseph L. Gentilcore
                                        Attorney ID No. 311703
                                        Kimmel & Silverman, P.C.
                                        30 E. Butler Pike
                                        Ambler, PA 19002
                                        Phone: (267) 614-6515
                                        Fax: (877) 788-2864

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 13-3397

DARREN ROY

Appellant,

v.

DELL FINANCIAL SERVICES, LLC

Appellee.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
in Civil Action No. 3:13-cv-00738-ARC

APPENDIX VOLUME I
(R. 1 – R. 9)

Joseph L. Gentilcore
Tara L. Patterson
KIMMEL & SILVERMAN, P.C.
30 East Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys for Appellant Darren Roy

| **VOLUME I** | |
|---|---|
| Notice of Appeal (ECF No. 22) | R. 1 |
| Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 21) | R. 2 |
| Memorandum Opinion Granting Defendant's Motion to Dismiss Plaintiff's Complaint | R. 3 |
| **VOLUME II** | |
| Docket Sheet | R. 10 |
| Complaint (ECF No. 1) | R. 14 |
| Defendant's Motion to Dismiss Complaint (ECF No. 6) | R. 29 |
| Defendant's Memorandum in Support of its Motion to Dismiss (ECF No. 7) | R. 32 |
| Defendant's Reply in Support of its Motion to Dismiss (ECF No. 16) | R. 59 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARREN ROY,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) **Case No.: 3:13-cv-00738-ARC** |
| | ) **(Judge A. Richard Caputo)** |
| **DELL FINANCIAL SERVICES, LLC,** | ) |
| | ) |
| **Defendant** | ) |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff, Darren Roy, in the above named action,

hereby appeals to the United States Court of Appeals for the Third Circuit from the

District Court's Final Order entered on July 12, 2013 granting Defendant's Motion

to Dismiss, dismissing Plaintiff's Telephone Consumer Protection Act claim with

prejudice, and dismissing Plaintiff's state law claim without prejudice.

Respectfully submitted,


DATED: August 5, 2013      BY: /s/ Joseph L. Gentilcore
                           Joseph L. Gentilcore
                           Attorney ID No. 311703
                           Kimmel & Silverman, P.C.
                           30 E. Butler Pike
                           Ambler, PA 19002
                           Phone: (215) 540-8888
                           Fax: (877) 788-2864
                           Email: jgentilcore@creditlaw.com

**R. 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DARREN ROY,

    Plaintiff,

       v.

DELL FINANCIAL SERVICES, LLC,

    Defendant.

CIVIL ACTION NO. 3:13-CV-738

(JUDGE CAPUTO)

## <u>ORDER</u>

**NOW** this 12th day of July, 2013, **IT IS HEREBY ORDERED** that:

(1)    Defendant's Motion to Dismiss (Doc. 6) is **GRANTED**.

(2)    Plaintiff's Telephone Consumer Protection Act claim (Count I of the Complaint) is **DISMISSED WITH PREJUDICE**.

(3)    Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims (Counts II and III of the Complaint), which are **DISMISSED WITHOUT PREJUDICE**.

(4)    The Clerk of Court is directed to mark this case as **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

**R. 2**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARREN ROY,

    Plaintiff,

      v.

DELL FINANCIAL SERVICES, LLC,

    Defendant.

CIVIL ACTION NO. 3:13-CV-738

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is a Motion to Dismiss (Doc. 6) filed by Defendant Dell Financial Services, LLC ("DFS").  This action stems from phone calls made by DFS to Plaintiff Darren Roy's "1-800" business number to collect a consumer debt he incurred.  Roy claims that DFS has violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. §§ 2270.1, *et seq.*; and his state law right to privacy by intrusion upon seclusion.  (Doc. 1.)  DFS moves to dismiss Roy's TCPA claim for failure to state a claim and his state law claims for lack of subject matter jurisdiction.  (Doc. 6.)  For the reasons below, DFS's motion will be granted.

## BACKGROUND

### I. Factual Allegations

Roy alleges the following in his Complaint (Doc. 1):

Since September 2010, DFS, a credit company,[1] has called Roy on a repetitive and continuous basis, as often as ten times per day, in its attempt to collect a consumer debt

---

[1]    DFS is a Texas limited liability company and a wholly owned subsidiary of Dell Inc. (Doc. 7 at 1.)

**R. 3**

from him. (*Id.* at ¶¶ 13, 15, 17.)  The debt stemmed from Roy's purchase of computers that were primarily used for personal purposes.  (*Id.* at ¶ 14.)  DFS, using an automatic telephone dialing system and automatic or pre-recorded messages, has called Roy over 1,000 times at his "1-800" work telephone number without his consent.[2] (*Id.* at ¶¶ 18–20.)  Roy owns his own business and uses the "1-800" number as part of his business.  (*Id.* at ¶ 21.)  He is charged a fee whenever a call is made to the "1-800" number and has paid hundreds of dollars in fees due to DFS's calls.  (*Id.* at ¶¶ 22–23.)  Because Roy has neither consented to DFS calling him on his "1-800" number nor given the number to DFS as a means of contacting him, he believes that DFS obtained the number through "skip tracing." (Doc. 1 at ¶¶ 24–26.)

Roy has answered DFS's calls on numerous occasions and told DFS to refrain from calling him at his "1-800" number.  (*Id.* at ¶ 27.)  He has also called DFS and instructed them to stop calling him at his "1-800" number."  (*Id.* at ¶ 28.)  Although Roy, through his counsel, sent DFS cease and desist letters via certified mail in October 2011, January 2012, and January 2013, DFS has continued to call him on his "1-800" number.  (*Id.* at ¶¶ 30–40.)

By repeatedly calling Roy's "1-800" number without his consent, DFS has violated the TCPA, FCEUA, and his state law right to privacy by intrusion upon seclusion.  (Doc. 1.)

## II.  Procedural History

Roy instituted this action by filing his Complaint on March 21, 2013.  (Doc. 1.)  DFS moved to dismiss the Complaint on May 21, 2013.  (Doc. 6.)  The motion has been fully briefed and is ripe for disposition.

---

[2]     Roy asserts that DFS has called him on his "1-800" number at least eighty-five more times between March 30, 2013 and June 24, 2013.  (Doc. 11 at 4.)

**R. 4**

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. *See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

3

**R. 5**

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 677. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn*

4

**R. 6**

*Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald

assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906

(3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30

(3d Cir. 1997)).

## ANALYSIS

### I.  TCPA Claim – Count I

The TCPA was "[e]nacted in 1991 as part of the Federal Communications Act" to

"deal with an increasingly common nuisance—telemarketing." *ErieNet, Inc. v. Velocity

Net, Inc.,* 156 F.3d 513, 514 (3d Cir. 1998).  Roy claims that DFS's unauthorized and

repeated calls to his "1-800" number violate the TCPA, which, in pertinent part, states:

> It shall be unlawful for any person within the United States, or any person
> outside the United States if the recipient is within the United States, to
> make any call (other than a call made for emergency purposes or made
> with the prior express content of the called party) using any automatic
> telephone dialing system or an artificial or prerecorded voice to any
> telephone number assigned to a paging service, cellular phone service,
> specialized mobile radio service, or other radio common carrier service, or
> any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).[3]  Roy alleges that DFS has called his "1-800" number using

an automatic telephone dialing system or pre-recorded messages over 1,000 times

without his consent since September 2010.  (Doc. 1 at ¶¶ 15, 18–20, 24–25.)  He also

alleges that he is charged a fee any time a call is made to his "1-800" number.  (*Id.* at ¶

22.)  Roy further alleges that these calls were an attempt to collect consumer debt from

him which he incurred by purchasing computers that were primarily used for personal

---

[3]      Roy has specified in his brief in opposition to DFS's motion to dismiss that
§ 227(b)(1)(A)(iii) is the provision applicable to his TCPA claim.  (Doc. 9 at 6.)

5

**R. 7**

purposes. (*Id.* at ¶¶ 13–14.) However, "the FCC has determined that all debt-collection circumstances are excluded from the TCPA's coverage." *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011); *see also Gager v. Dell Fin. Serv., LLC*, No. 11–CV–2115, 2012 WL 1942079, at *6 (M.D. Pa. May 29, 2012) ("The FCC has 'unequivocally stated' that 'calls solely for the purpose of debt collection are not telephone solicitations and do not constitute telemarketing' and 'calls regarding debt collection . . . are not subject to the TCPA's separate restrictions on 'telephone solicitations.'") (quoting *Meadows*, 414 F. App'x at 236). Accordingly, Roy's TCPA claim will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

In addition, Roy's request to file an amended complaint will be denied. Although leave to amend should be "freely" granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), denial of leave to amend is appropriate where amendment would be futile. *See, e.g., Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Here, as an amendment to the Complaint would not alter the fact that Roy cannot state a claim upon which relief could be granted under the TCPA, amendment would be futile. Roy's TCPA claim will therefore be dismissed with prejudice.

## II. State Law Claims – Counts II and III

Roy's remaining claims are his state law FCEUA and intrusion upon seclusion claims. District courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C.

R. 8

§ 1367(a).  A district court may refuse to exercise such jurisdiction where, as in the instant case, it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In fact, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

Here, there is no affirmative justification for exercising supplemental jurisdiction beyond any ordinary inconvenience associated with dismissal on this ground.  Therefore, as Roy's TCPA claim, the sole basis of the Court's jurisdiction under 28 U.S.C. § 1331 in this action, will be dismissed with prejudice, the Court will decline to exercise supplemental jurisdiction over his remaining state law claims.  These claims will be dismissed without prejudice to allow Roy to re-file them in state court if he so desires.

## CONCLUSION

For the above stated reasons, DFS's Motion to Dismiss (Doc. 6) will be granted and Roy's Complaint (Doc. 1) will be dismissed.  An appropriate Order follows.

July 12, 2013                                            /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                         United States District Judge

7

R. 9